**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois
corporation,

        Plaintiff-Counter-
        Defendant-Appellant,

  v.

PROGRESSIVE MUTUAL
INSURANCE COMPANY, an Ohio
corporation,

        Defendant-Appellee,

VICKI L. LEE,

        Defendant-Counter-
        Claimant-Appellee.

No. 05-1215
(D.C. No. 03-F-1275 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) appeals from the district court's denial of its motion for summary judgment and the grant of summary judgment in favor of defendant Vicki L. Lee. At issue on the parties' respective motions was the interpretation of Colo. Rev. Stat. § 10-4-609, and more specifically, whether the initial determination of when a tortfeasor's vehicle is underinsured should be made by comparing the liability limits of the tortfeasor's policy with the liability limits of the underinsured portions of the injured party's policy alone, or by comparing the liability limits of the tortfeasor's policy with the sum of the underinsured limits of the injured party's policy *and* the underinsured limits of any other applicable policies. This latter procedure of applying the policy limits of multiple policies is known as stacking.

After the district court denied the parties' request to certify the questions of law to the Colorado Supreme Court, it held that: (1) § 10-4-609 permitted stacking of the injured party's policy with the limits of other applicable policies under these circumstances of the case; (2) the tortfeasor was underinsured; and (3) Ms. Lee was entitled to a claim of up to $200,000 in uninsured motorist coverage from State Farm. On appeal to this court, the parties again requested that the questions of law be certified to the state supreme court. Because the case presented important, but undecided, questions of state law and statutory interpretation, we certified the questions of law to the Colorado Supreme Court.

*State Farm Mut. Auto. Ins. Co. v. Progressive Mut. Ins. Co.*, No. 05-1215
(10th Cir. Dec. 16, 2005).

The relevant, undisputed facts presented to the Colorado Supreme Court on the certified questions of law are that Ms. Lee (the injured party) was a passenger on Jerry Maggard's motorcycle when it was struck by a vehicle driven by Sonja Madson (the tortfeasor) in July 2002 in Loveland, Colorado. At the time of the accident, Ms. Madson was insured by Progressive under a policy that provided $100,000 in liability coverage per person. Ms. Lee was insured under a policy from State Farm, which had a $100,000 underinsured limit. Mr. Maggard, who is not related to Ms. Lee, was insured under a separate policy from State Farm, with the same $100,000 underinsured limit contained in Ms. Lee's policy.

With State Farm's permission, Ms. Lee settled her claim against Ms. Madson for the Progressive policy limits. Thereafter, Ms. Lee asserted that the Progressive payment did not fully compensate her for her injuries, and she made a claim to State Farm for underinsured benefits under her own and Mr. Maggard's policies. State Farm denied the claim and filed a declaratory judgment action in the district court in which it sought a determination that Ms. Madson's vehicle was not underinsured, because § 10-4-609 did not permit the stacking of Ms. Lee's and Mr. Maggard's policies to determine whether the Ms. Madson was underinsured.

In answering the certified questions of law, the Colorado Supreme Court held that under § 10-4-609, "[c]onsidered as a whole," a tortfeasor's vehicle "is underinsured whenever the limits of liability against which its use is insured are less than the sum of the underinsured motorist coverage declared in the injured party's policy and the underinsured motorist coverage declared in all other applicable policies."[1] *State Farm Mut. Auto Ins. Co. v. Progressive Mut. Ins. Co. (In re State Farm)*, No. 05 SA 369, 2006 WL 2589162, at * 1 (Colo. Sept. 11, 2006). Therefore, the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[1]     The Colorado Supreme Court recognized that § 10-4-609(2) allows an insurer to prohibit stacking under circumstances not present in this case.